IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KIMBERLY M. ADKINS, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-15-3886 |
| BANK OF NEW YORK MELLON, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

While facing foreclosure in an action filed in state court,[1] Plaintiff Kimberly Adkins filed suit against Defendants Bank of New York Mellon ("BNYM"), Select Portfolio Servicing, Inc. ("SPS"), Sandler Title & Escrow LLC ("Sandler Title"), and David Sandler. Compl., ECF No. 1. BNYM is the current owner of a Deed of Trust to Adkins's property at 3404 Grayvine Lane in Bowie, Maryland, which is the focus of the state foreclosure proceedings. Am. Compl. 5, ECF No. 35; Deed of Trust, Defs.' Jt. Mot. Ex. A, ECF No. 52-3; Assignment of Deed, Defs.' Jt. Mot. Ex. B. ECF No. 52-4. SPS services the 2007 loan associated with the Deed. Am. Compl. at 5. David Sandler of Sandler Title served as the closing agent when Adkins purchased the property at issue and also represented her in 2011 bankruptcy proceedings. Am. Compl. 3–5; Bankruptcy Docket, Defs.' Jt. Mot. Ex. F, ECF No. 52-8. According to Adkins's Amended Complaint, she "believe[s]" that Sandler forged her signature on a document that initiated a supposed 2010 refinancing of which no public record exists. Am. Compl. 4; Maryland Land

---

[1] The Maryland Judiciary Search website, http://casesearch.courts.state.md.us/casesearch/inquiry Search.jis, the contents of which I judicially notice, Fed. R. Civ. P. 201, 803(8)(a)(i), 901(b)(5), establishes that the foreclosure action with regard to the Adkins's property still is pending in the Circuit Court for Prince George's County.

Records Search, Defs.' Jt. Mot. Ex. E., ECF No. 52-7. She also claims that the 2011 bankruptcy proceedings discharged her obligations under the 2007 loan. Am. Compl. 5. Adkins alleges that the Defendants have violated the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691–1691f (Count II); the Maryland Equal Credit Opportunity Act (MECOA), Md. Code Ann., Com. Law §§ 12-701 to -708, and the "Consumer Debt Collection Act," which I presume refers to the Maryland Consumer Debt Collection Act (MCDCA), Md. Code Ann., Com. Law §§ 14-201 to -204 (Count IV). In addition, she alleges fraud and misrepresentation (Count I) and wrongful foreclosure and injurious falsehood (Count V) and seeks declaratory relief (Count VI).

Defendants move to dismiss the Amended Complaint, arguing that Adkins fails to state a claim for which relief can be granted. Defs.' Jt. Mot., ECF No. 52; Sandler Mot., ECF No. 53. The Motions are fully briefed, Defs.' Jt. Mem., ECF No. 52-1; Pl.'s Opp'n, ECF No. 54-1; Defs.' Reply, ECF No. 55, and no hearing is necessary. Loc. R. 105.6 (D. Md.). Because Adkins does not state an ECOA claim—the sole basis for this Court to exercise jurisdiction over the case— I will dismiss her ECOA claim with prejudice, and, pursuant to 28 U.S.C. § 1367(c)(3), I will decline to exercise supplemental jurisdiction over her state-law claims.[2]

---

[2] Before Defendants filed their Motions, I gave Adkins an opportunity to amend her original Complaint based on letters filed by the Defendants setting forth the deficiencies they perceived in the document. SPS Ltr., ECF No. 23; SPS & BNYM Ltr., ECF No. 26; Nov. 15, 2016 Paperless Order, ECF No. 31. Because Adkins failed to address those deficiencies in her Amended Complaint, despite having ample notice and an opportunity to correct them, it appears that further attempts to amend would be futile. When, as here, "a party is granted leave to amend but fails to address the problem, that part should not be surprised" when the Court does not grant further opportunities to amend. Steven S. Gensler, *Federal Rules of Civil Procedure Rules and Commentary* 363–64 (2016); *see also Forquer v. Schlee*, No. RBD-12-969, 2012 WL 6087491, at *4 (D. Md. Dec. 4, 2012). Moreover, Adkins did not seek leave to amend further. Accordingly, I will dismiss the ECOA claim with prejudice.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Discussion

This case is in federal court pursuant to 28 U.S.C. § 1331 due to Adkins's ECOA claim, the Amended Complaint's sole federal claim.[3] Am. Compl. ¶¶ 2, 4. Thus, I will first consider whether Adkins states an ECOA claim. ECOA prohibits discrimination in the extension of credit on the basis of protected characteristics including race. 15 U.S.C. § 1691(a). A prima facie case

---

[3] The Amended Complaint also cites 18 U.S.C. § 1964(c) as a jurisdictional hook, Am. Compl. ¶ 2, but Adkins does not bring a RICO claim, so that statute is not a source for federal jurisdiction.

of ECOA discrimination includes the following elements: (1) that the plaintiff is a member of a protected class; (2) that she "applied for and [was] qualified for an extension of credit"; (3) that despite her qualifications, her application for credit was rejected; (4) that the creditor "continued to extend credit to others of similar credit stature outside of [the plaintiff's] protected class." *Wise v. Vilsack*, 496 F. App'x 283, 285 (4th Cir. 2012). Nowhere in her Amended Complaint does Adkins ever allege that she applied for credit or that she was denied credit, let alone any facts suggesting that she was denied credit on a discriminatory basis. As a result, she has not stated an ECOA claim.

Adkins's remaining claims are all state-law claims.[4] Am. Compl. ¶¶ 10–14, 19–49. If Adkins stated a viable ECOA claim, then I could exercise supplemental jurisdiction over these claims. 28 U.S.C. § 1367(a). But when a district court "dismisse[s] all claims over which [it] enjoys original jurisdiction," it "may decline to exercise supplemental jurisdiction" over remaining state-law claims. *Id.* § 1367(c)(3). "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

I will decline to exercise supplemental jurisdiction over the remaining state-law claims, especially in view of the already-pending and related foreclosure proceedings in state court. But with an eye towards sparing the state courts some of the confusion that has plagued the case in

---

[4] The Amended Complaint identifies Count IV as a "Consumer Debt Collection Act" claim, without citing any statutory provision. Am Compl. ¶¶ 23–31. In her Opposition, Adkins confusingly explains that Count IV refers to the Maryland Fair Debt Collection Practices Act. Pl.'s Opp'n 11. To my knowledge, there is no state statute by this name, although a federal law by a similar name does exist. 15 U.S.C. §§ 1692–1692p. The Opposition also cites to sections of the Maryland Code that correspond to the Maryland Collection Agency Licensing Act, Md. Code Ann., Bus. Reg. §§ 7-101 to -502, which prohibits doing business as a debt collection agency without a license, *id.* § 7-401(a), and the Maryland Consumer Debt Collection Act, Md. Code Ann. §§ 14-201 to -204. It appears to me that Adkins intended to bring an MCDCA claim.

4

federal court, I will observe that the Amended Complaint provides scant details upon which fraud can be alleged as a standalone claim or as an element of other claims. Much of the Amended Complaint centers on Adkins's "belie[f]" that David Sandler forged her signature on documents initiating a 2010 refinancing of the loan that is secured by the Deed of Trust owned by BNYM and serviced by SPS. Am. Compl. 4. The Amended Complaint provides no basis for this belief aside from Sandler's "total access" to her "personal transactions" as a result of his role as closing agent when Adkins purchased the property subject to potential foreclosure and his later representation of her in bankruptcy proceedings. Am. Compl. 3, 5. In addition to a lack of factual specificity supporting the fraud allegation, the claim is further undermined by the fact that the Maryland Land Records contain no evidence of a 2010 refinancing of any of Adkins's loans.[5] Maryland Land Records Search, Defs.' Jt. Mot. Ex. E., ECF No. 52-7. Judging by the paucity of facts alleged in the Amended Complaint, I suspect that Adkins will struggle to establish a fraud claim in state court or any state-law claim that relies on the alleged forgery as an element of the claim.

The Amended Complaint also appears to suggest that BNYM and SPS lack the right to collect from her because her debt was discharged in the 2011 bankruptcy proceedings. Am Compl. ¶ 24. Defendants dispute that the debt owed to BNYM was discharged; however, they acknowledge that Adkins listed the 2007 loan on her bankruptcy petition. Defs.' Jt. Mem. 5; *see also* Voluntary Pet. sched. D, at 1, *In re Adkins*, No. 11-31834-TJC (Bankr. D. Md. Feb. 1, 2012), ECF No. 1. It does appear that the United States Bankruptcy Court for the District of Maryland granted Adkins a discharge in 2012. Discharge of Debtor, *In re Adkins*, No.

---

[5] It is implausible to believe that the 2010 "refinancing" that Adkins alludes to could have occurred in the absence of any land record filings reflecting that this had occurred. And, the absence of any public records in circumstances where they would be expected to exist is evidence that the refinancing never occurred. Fed. R. Evid. 803(10)(A)(ii).

11-31834-TJC (Bankr. D. Md. Feb. 1, 2012), ECF No. 26. So, without more information, it is not clear to me on what basis the Defendants believe that the 2007 debt was not discharged. If Adkins elects to pursue some or all of her state-law claims in state court, the Parties would be wise to provide a clearer explanation for why they do or do not believe that the 2007 loan was discharged.

## **ORDER**

Accordingly, for the reasons stated, it is this 18th day of May, 2017, hereby ORDERED that:

1. Defendants' Motions to Dismiss, ECF Nos. 52, 53, ARE GRANTED;

2. Count II (ECOA) of the Amended Complaint IS DISMISSED with prejudice;

3. The remaining state-law claims are dismissed without prejudice, as the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3);

4. The Clerk SHALL CLOSE the case.

/S/
Paul W. Grimm
United States District Judge